## THOMAS KEMP vs. JOSEPH DOWNHAM.

A husband is liable for necessaries furnished his wife, living separate from him by his own fault.

If the separation be voluntary, though caused by the husband's misconduct, he is not liable, if he pay her a suitable allowance of which the party trusting her has notice, or the means of knowledge.

A wife, though separated by partial divorce, cannot be a witness against her husband.

THIS was an action of assumpsit against a husband, for necessaries furnished his wife, who was living separate from him.

The defendant's wife, (now divorced a mensa et thoro,) was offered as a witness, and objected to. (2 *Stark. Ev.*, 402; *Bishop Mar. & Div.*, 673; 1 *Hill's Rep.*, 63.)

The plaintiff proved conduct of the husband which made it necessary for the wife to leave him; and a separation by mutual agreement; and that the articles of food and clothing were furnished her while thus living separate.

The defence admitted the liability of a husband for necessaries furnished his wife in a state of separation, unless he had made a provision for her support and paid it; but insisted that knowledge of this separate allowance need not be traced to the party who trusted her. (3 *Mees. & Welsb.*, 481.)

Proof was offered of the separation of Downham and his wife by mutual agreement. The agreement was by parol. The wife removed with her goods; and the question was asked what the parties said at the time, in reference to the terms of separation. This was objected to, on the ground that the wife could not be a witness against the husband, and the declarations of the husband could not be given in evidence *for* himself. The conversation at the time of separation was admitted to prove its terms.

The witness proved a division of the furniture, and the possession by the wife, of a considerable sum of money, shortly after the separation. The separation took place by mutual agreement, but was occasioned by the cruelty of the husband.

The case was argued to the jury by *Fisher*, for plaintiff, and *Smithers*, for the defendant.

BOOTH, *Chief Justice*:—If a husband, from cruelty, whether by personal violence, or by bringing a mistress into his house, oblige the wife to leave him and to live separately; he sends her abroad with credit for her maintenance, and any one who trusts her for necessaries, may recover the price of them.

2. In case of voluntary separation, if the husband settle a separate maintenance on the wife, and pay it, he is not liable for necessaries furnished his wife by any one who had notice, or means of knowledge of the separate provision.

The questions then were—1. Whether the husband turned his wife away; if so, he was liable in this action; 2. whether the separation was voluntary and by mutual agreement; if so, was there an adequate separate allowance made and paid, and had the plaintiff notice of this; if so, the plaintiff could not recover. And this notice might be inferred from circumstances. (*Ros. Civ. Ev.*, 214; 3 *Esp. Rep.*, 350; 1 *Lord Raym.*, 444.)

The plaintiff had a verdict.

*Fisher*, for plaintiff.
*Smithers*, for the defendant.